**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

|  |  |
|---|---|
| ROTOGRAVURE, LLC, | ) |
|  | ) |
| Plaintiff, | ) No. 4:20-CV-1755 RLW |
|  | ) |
| v. | ) |
|  | ) |
| HOLLAND SOUTHWEST | ) |
| INTERNATIONAL, INC. | ) |
|  | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim (ECF No. 12). This matter is fully briefed and ready for disposition. For the reasons stated herein, the Court will dismiss this action for lack of personal jurisdiction.

**LEGAL STANDARD**

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction by pleading facts sufficient to support a "reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state." *K-V Pharm. Co. v. J. Uriach & CIA, S.A,* 648 F.3d 588, 59-92 (8th Cir. 2011); *see also, Viasystems, Inc. v. EBM—Papst St. Georgen GmbH & Co., KG,* 646 F.3d 589, 592 (8th Cir. 2011); *Miller v. Nippon Carbon Co., Ltd.,* 528 F.3d 1087, 1090 (8th Cir. 2008); *Dever v. Hentzen Coatings*, 380 F.3d 1070, 1072 (8th Cir. 2004); *Epps v. Siewart Info. Servs. Corp.,* 327 F.3d 642, 647 (8th Cir. 2003). A plaintiff's prima facie showing "must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion." *K-V Pharm.,* 648 F.3d at 592 (quoting *Dever*, 380 F.3d at

1072-73). The Court views the evidence in a light most favorable to the plaintiff and resolves factual conflicts in the plaintiff's favor; however, plaintiff carries the burden of proof and that burden does not shift to defendants. *Epps,* 327 F.3d at 647; *Wallach v. Whetstone Partners, LLC*, No. 4:16 CV 450 CDP, 2016 WL 3997080, at *1 (E.D. Mo. July 26, 2016); *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). "When personal jurisdiction is contested, 'it is the plaintiff who must shoulder the burden of establishing that defendant's contacts with the forum state were sufficient.'" *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231 (Mo. 2010) (quoting *Angoff v. Marion A. Allen, Inc.,* 39 S.W.3d 483, 486 (Mo. banc 2001)).

## BACKGROUND

Plaintiff Rotogravure, LLC ("Rotogravure"), is a Missouri limited liability company with its principal place of business in St. Louis County, Missouri. (Complaint ("Compl."), ECF No. 1, ¶1). Rotogravure develops designs and patterns for wood panels sold by stores, including Lowe's Companies, Inc. ("Lowe's"). (Compl., ¶¶6-8). Rotogravure entered into a contract with a Taiwanese company known as Mandarin Décor Co., Ltd. ("Mandarin"), whereby Mandarin manufactured certain paper products for Rotogravure, using Rotogravure's proprietary designs. (Compl., ¶¶13-14).[1] Mandarin was not permitted to use Rotogravure's proprietary designs without Rotogravure's authorization and consent. (Compl., ¶15). Rotogravure alleges that Defendant Holland Southwest International, Inc. ("Holland") interfered with Rotogravure's business by maintaining a business relationship with Mandarin. Holland is a Texas corporation with its principal place of business in Harris County, Texas. (Compl., ¶2).

Holland is a supplier and distributor of wood products, including particle board used in wood paneling. (Compl., ¶19). Beginning in 2018, Holland began supplying the particle board

---

[1] Mandarin is not a party to this lawsuit.

used in Lowe's wood paneling. (Compl., ¶20). As such, Rotogravure and Holland were part of the same supply chain and, for a time, worked together to supply wood paneling to Lowe's.

In November 2018, Holland, through its agent, Mike Sievers, contracted to purchase Rotogravure products for its shared customers. (Compl., ¶21). Holland requested that Rotogravure sell its products to Holland's customers, including Genesis Products, Inc., but Rotogravure declined to sell its products to anyone other than Rotogravure's existing customers. (Compl, ¶¶22-23).

Rotogravure alleges that, "[i]n 2019, following Rotogravure's refusal to sell its products to Holland's customers, Holland intentionally cut Rotogravure [out] of the supply chain and interfered with Rotogravure's Contract with Mandarin, as well its contracts with the Rotogravure Customers." (Compl., ¶24). Rotogravure alleges Holland entered into a contract with Mandarin whereby Mandarin would manufacture paper products using Rotogravure's proprietary designs, without Rotogravure's knowledge or consent. (Compl., ¶26). Holland allegedly shipped the paper manufactured by Mandarin to Dongwha Enterprise Co., Ltd. ("Dongwha") in Malaysia. (Compl., ¶27). Thereafter, Holland imported the finished wood panels into the United States and sold them directly to Lowe's. (Compl., ¶28). Consequently, Rotogravure claims it has not received any orders for its products since March 2020. (Compl., ¶29).

In the Complaint, Rotogravure alleges claims against Holland for tortious interference with contract (Count I), tortious interference with business expectancy (Count II), conspiracy to tortiously interfere with contract and business expectancy (Count III), misappropriation of trade secrets pursuant to the Missouri Uniform Trade Secrets Act, Mo. Rev. Stat., §§417.450, *et seq*. (Count IV), and unjust enrichment (Count V). Rotogravure alleges in conclusory fashion that this Court can exercise jurisdiction over Holland because "[t]his Court has personal jurisdiction over

Holland pursuant to Mo. Rev. Stat. §506.500(1) and (3) as Holland transacted business in Missouri and committed a tortious act within Missouri." (Compl., ¶4).

## DISCUSSION

**A. Personal Jurisdiction**

Due process requires that a non-resident have minimum contacts with the forum state such that the maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice. *World-Wide Volkswagen v. Woodson,* 444 U.S. 286, 291-92 (1980); *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945); *Guinness Import Co. v. Mark VII Distribs., Inc.,* 153 F.3d 607, 614 (8th Cir. 1998). Minimum contacts is based on the notion that "those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." *J. McIntyre Mack, Ltd. v. Nicastro,* 131 S.Ct. 2780, 2787 (2011). A defendant's contacts with the forum state must be sufficient so that a non-resident defendant should reasonably anticipate being haled into court there. *World-Wide Volkswagen,* 444 U.S. at 297; *Stanton v. St. Jude Med., Inc.,* 340 F.3d 690, 694 (8th Cir. 2003); *Epps,* 327 F.3d at 648. Sufficient minimum contacts requires some act by which the defendant "purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *J. McIntyre,* 131 S.Ct. at 2787 (quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)); *see Romak USA, Inc. v. Rich,* 384 F.3d 979, 984 (8th Cir. 2004).

The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as the result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Stanton,* 340 F.3d at 693-94 (quoting *Burger King v. Rudzewicz,* 471 U.S. 462, 475 (1985)). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum

State." *Walden v. Fiore,* 134 S.Ct. 1115, 1121 (2014). This means that "the relationship must arise out of contacts that the defendant himself creates with the forum State." *Id.* at 1122 (quoting *Burger King,* 471 U.S. at 475). Contacts between the plaintiff and the forum State do not satisfy this inquiry. *Id.* "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum state." *Stanton*, 340 F.3d at 694 (quoting *Burger King,* 471 U.S. at 475).

Courts apply a five-factor test to determine the sufficiency of a non-resident defendant's contacts with the forum state. *Dever,* 380 F.3d at 1073. The five factors are: 1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties. *Id.* at 1073-74 (quoting *Burlington Indus., Inc. v. Maples Indus., Inc.,* 97 F.3d 1100, 1102 (8th Cir. 1996)). The Court gives significant weight to the first three factors. *Id.* at 1074; *Fastpath, Inc. v. Arbela Techs. Corp.,* 760 F.3d 816, 821 (8th Cir. 2014). "Personal jurisdiction may be established by general jurisdiction or specific jurisdiction, and the third factor—relation of the cause of action to the contacts—distinguishes between the two." *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518–19 (8th Cir. 2010) (citing *Land–O–Nod Co. v. Bassett Furniture Indus.,* 708 F.2d 1338, 1340 (8th Cir.1983))*.* "[G]eneral jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose," while specific jurisdiction requires that the cause of action arise from or relate to a defendant's actions within the forum state. *Wells Dairy, Inc.*, 607 F.3d at 518–19 (quoting *Land–O–Nod Co.,* 708 F.2d at 1340)*.*

### 1.  Missouri Long-Arm Statute

The Court must determine whether Rotogravure has alleged and proved jurisdictional facts related to Holland's on-going business relationships with Rotogravure and/or Lowe's and the events that give rise to this lawsuit connected to Missouri. "Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011) (citing *Romak USA, Inc. v. Rich,* 384 F.3d 979, 984 (8th Cir. 2004)).[2] In Missouri, specific personal jurisdiction is authorized only to the extent that "the [cause of] action arose out of an activity covered by [Missouri's] long-arm statute." *Conway v. Royalite Plastics, Ltd.,* 12 S.W.3d 314, 318 (Mo. banc 2000). "Missouri's long-arm statute authorizes personal jurisdiction over defendants who, *inter alia,* transact business, make a contract, or commit a tort within the state." *Viasystems*, 646 F.3d at 593 (citing Mo. Rev. Stat. § 506.500.1). "These individual categories are construed broadly, such that if a defendant commits one of the acts specified in the long-arm statute, the statute will be interpreted 'to provide for jurisdiction, within the specific categories enumerated in the statute[], to the full extent permitted by the [D]ue [P]rocess [C]lause.'" *Id.* (quoting *State ex rel. Metal Serv. Ctr. of Ga., Inc. v. Gaertner,* 677 S.W.2d 325, 327 (Mo. banc 1984)).

---

[2] Rotogravure does not seem to argue that Holland is subject to the Court's general jurisdiction. The record does not reflect Holland had continuous and systematic contacts required to establish general jurisdiction in Missouri.

Rotogravure first contends Missouri's long arm statute was satisfied because Holland transacted business in Missouri (although it never argues that it was continuous and systematic) when they were both part of the same supply chain for Lowe's wood paneling. (ECF No. 19 at 3-5). Rotogravure argues, based upon a November 28, 2018 email between Mike Sievers, a Holland employee, and Dick Burton, Rotogravure's manager, that "at a minimum, … Holland purchased Rotogravure's products through one of Rotogravure's existing customers." (ECF No. 19 at 4-5). In the email, Mr. Sievers states: "We're getting things under control … remaining paper will be ordered today from GP, (and you), …" (ECF No. 19 at 4; ECF No. 1-1; Compl., ¶¶21-23).

The Court holds that Rotogravure's and Holland's participation in production of Lowe's wood paneling and a single email regarding procurement are insufficient to demonstrate that Holland transacted business in Missouri. Rotogravure does not allege that Holland transacted business in Missouri or that Rotogravure's customers (from whom Holland purchased) were located in Missouri as part of its participation in Lowe's wood paneling supply chain. *See* ECF No. 19 at 5 ("Furthermore, as the Complaint demonstrates, Rotogravure and Holland were part of the same supply chain and, for a time, worked together to supply wood paneling to Lowe's Companies, Inc."). Similarly, Rotogravure's email does not identify any direct link between Holland and Missouri; rather, the email shows that Holland purchased Rotogravure's products through one of its existing customers. *See* ECF No. 22 at 7; ECF No. 19 at 5 ("This [email] exhibit demonstrates, at a minimum, that Holland purchased Rotogravure's products through one of Rotogravure's existing customers."). Rotogravure has provided no evidence that Holland engaged in any tortious activity in Missouri or that he entered into any contract in Missouri. Holland's attenuated and indirect contacts with Missouri, as outlined by Rotogravure, are insufficient to confer personal jurisdiction over Holland under the Missouri long-arm statute. *See Clockwork IP,*

*LLC v. Clearview Plumbing & Heating Ltd.*, 127 F. Supp. 3d 1020, 1027 (E.D. Mo. 2015) (in an intellectual property dispute, the district court found no personal jurisdiction over the defendant where it never performed services, employed any persons, maintained any offices or contracted with any party in the state; did not register as a foreign entity; was not licensed to do business in the state of Missouri; had no agents or shareholders in Missouri; did not have a registered agent for service in Missouri; did not maintain any physical presence in Missouri; did not operate or own facilities in Missouri; did not own or lease real estate in Missouri; and did not have a Missouri mailing address, telephone number or bank account); *cf. Amdocs, Inc. v. Bar*, No. 4:16-CV-00323-HEA, 2016 WL 7013035, at *3 (E.D. Mo. Dec. 1, 2016) (district court found personal jurisdiction over plaintiff's former employee where the employee entered into a contract in Missouri, was sent a contract from Missouri, was asked to return (and did return) the contract to Missouri).

Moreover, and in keeping with the third prong of the contacts test of Missouri's long-arm statute, Rotogravure further argues that this Court has personal jurisdiction over Holland based upon its tortious acts committed in Missouri.  (ECF No. 19 at 5-6).  Rotogravure claims it is sufficient that Holland knew that its actions would "yield consequences" in Missouri.  (ECF No. 19 at 6 (citing *Furminator, Inc. v. Wahba*, No. 410CV01941AGF, 2011 WL 3847390, at *2 (E.D. Mo. Aug. 29, 2011) (citing *Bryant v. Smith Interior Design Group, Inc.,* 310 S.W.3d 227, 232 (Mo.2010) ("Missouri's long-arm statute covers extraterritorial tortious acts that yield consequences in Missouri."). Rotogravure argues "the Complaint demonstrates that Holland was fully aware of Rotogravure's contract with Mandarin and that its interference with that contract would yield consequences in Missouri." (ECF No. 19 at 6 (citing Compl., ¶¶24-27 (citing ECF No. 1-1 and 1-2)).

The Court finds that Holland's purported knowledge that its activities would potentially result in consequences is insufficient to afford this Court personal jurisdiction over Holland. The Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Walden v. Fiore*, 571 U.S. at 284 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417(1984) ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction"); *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 821 (8th Cir. 2014). Here, Rotogravure cites to Holland's joint participation with Rotogravure in Lowe's nationwide wood paneling program and later Holland's purposeful exclusion of Rotogravure in the production of the wood paneling as evidence that Holland's activities would have consequences in Missouri. The main thrust of the alleged consequences in Missouri, however, is the effect on Rotogravure's business in Missouri. The Eighth Circuit has made clear that the locus of the plaintiff cannot form the basis of personal jurisdiction over a defendant. *Walden*, 571 U.S. at 285–86 ("But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."); *Burger King, supra,* at 478, 105 S.Ct. 2174 ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot"). Rotogravure alleges that Holland's actions yielded consequences in Missouri only based upon their effects on Rotogravure and its business. This effect on Rotogravure cannot form the basis for personal jurisdiction over Holland under clear Eighth Circuit precedent.

**2. Due Process**

Rotogravure further maintains that this Court has personal jurisdiction over Holland based upon Holland's "minimum contacts" with Missouri. (ECF No. 19 at 6-7). Rotogravure notes that a lower number of contacts with Missouri is necessary to satisfy due process for purposes of specific jurisdiction. (ECF No. 19 at 7-8 (citing *Bell v. Imperial Palace Hotel/Casino, Inc.*, 200 F. Supp. 2d 1082, 1086–87 (E.D. Mo. 2001) ("While both specific and general jurisdiction must satisfy the requirements of Due Process, general jurisdiction requires a higher level of contacts with the forum state.")) Rotogravure again cites to its contacts with Holland regarding Lowe's wood paneling program where they supplied paper and particle board, respectively. (ECF No. 19 at 9 (citing Compl., ¶¶19-22)). Rotogravure notes that Holland's employee, Sievers, and Rotogravure's manager, Burton, worked "consistently" to deliver wood panels to Lowe's, and those contacts "ultimately led Holland to contact Mandarin and enter into an agreement to manufacture paper products using Rotogravure's designs and proprietary work product." (ECF No. 19 at 9).

As previously discussed, the Court's minimum contacts analysis looks to Holland's contacts with Missouri, "not the defendant's contacts with persons who reside there." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 823 (8th Cir. 2014) (citations omitted); *Walden*, 571 U.S. at 284; *Burger King,* 471 U.S. at 475. In the pleadings, Rotogravure cites to some nebulous contacts with Holland when they were part of the same supply chain. Rotogravure, however, does not directly identify any contacts Holland had with Missouri. Rotogravure identifies one email in support of supply relationship with a shared customer (location unknown), but even that email does not provide a nexus with Missouri. Based upon these unsupported and insignificant contacts,

the Court finds that Rotogravure has not satisfied the due process minimum contacts requirements.[3]

### 3. *Calder* Effects Test

Finally, Rotogravure contends the *Calder* effects tests mandates a finding of personal jurisdiction over Holland. *See Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). The "effects" test provides that

> a defendant's tortious acts can serve as a source of personal jurisdiction only where the plaintiff makes a prima facie showing that the defendant's acts (1) were intentional, (2) were uniquely or expressly aimed at the forum state, and (3) caused harm, the brunt of which was suffered-and which the defendant knew was likely to be suffered-[in the forum state].

*Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010) (citing *Lindgren v. GDT, LLC,* 312 F.Supp.2d 1125, 1132 (S.D. Iowa 2004). Rotogravure contends Holland's conduct alleged in the Complaint "deliberately targeted Missouri, as [Holland] was fully aware of Rotogravure's residency." (ECF

---

[3] In contrast, the Eighth Circuit has found personal jurisdiction over a Hong Kong company where the plaintiff provided substantiated and cumulative contacts:

> In sum, we conclude that Creative Calling has identified sufficient facts to support a reasonable inference that LF Beauty established contacts with Iowa that permit the exercise of personal jurisdiction. LF Beauty first contacted Creative Calling in Iowa to solicit its business, engaged in daily communications with Creative Calling for almost two years after contractual negotiations had concluded, shipped thousands of pre-production and production samples to Iowa pursuant to the contract, and remitted payments to Creative Calling in Iowa under the agreement. Because Creative Calling's breach of contract claim alleges that LF Beauty delivered defective samples and thus arises out of and relates to this connection with Iowa, LF Beauty's minimum contacts permit the exercise of specific jurisdiction in this case.

*Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 981 (8th Cir. 2015) (citing *Burger King Corp.,* 471 U.S. at 472)

- 11 -

No. 19 at 11) (no citation to the record provided). Rotogravure notes Holland "had previously communicated with and transacted business with Rotogravure in Missouri." (ECF No. 19 at 11) (no citation to the record provided). Thus, Rotogravure argues Holland "could have reasonably anticipated being haled into court in Missouri to answer for its conduct." (ECF No. 19 at 11). The Eighth Circuit has "stated that this test 'allows the assertion of personal jurisdiction over non-resident defendants whose acts are performed for the very purpose of having their consequences felt in the forum state.'" *Johnson*, 614 F.3d at 796 (quoting *Dakota Indus., Inc. v. Dakota Sportswear, Inc.,* 946 F.2d 1384, 1390–91 (8th Cir.1991) (internal quotations and citation omitted). This Court, however, holds Holland's alleged acts were not so performed.

Under Eighth Circuit precedent, the Court construes "the *Calder* effects test narrowly, and hold[s] that, absent additional contacts, mere effects in the forum state are insufficient to confer personal jurisdiction." *Johnson*, 614 F.3d at 797 (8th Cir. 2010) (citing *Hicklin Eng'g, Inc. v. Aidco, Inc.,* 959 F.2d 738, 739 (8th Cir. 1992) (per curiam)).[4] As explained above*,* the only evidence Rotogravure points to as evidence of Holland's contacts with Missouri is a single email, suggesting that Holland purchased products from one of Rotogravure's customers. Rotogravure has not provided evidence that the customer resides in Missouri, the contract for purchase of these goods was made in Missouri, or any nexus to Missouri. Further, there is no evidence that Holland directly

---

[4] Similarly, in *Walden v. Fiore*, 571 U.S. 277 (2014), the plaintiffs brought a tort action against defendant Drug Enforcement Administration agent in their home state of Nevada after the agent seized their funds in Atlanta. The United States Supreme Court held that Nevada lacked personal jurisdiction over the agent, even though plaintiffs were Nevada residents, because his activities did not take place in Nevada. "Petitioner's actions in Georgia did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections. Such reasoning improperly attributes a plaintiff's forum connections to the defendant and makes those connections 'decisive' in the jurisdictional analysis." *Id*. at 289.

targeted any action at Missouri, knowing it would be felt here. Thus, as discussed above, there are no additional contacts between Holland and Missouri to justify conferring personal jurisdiction. Therefore, the Court denies personal jurisdiction over Holland, even under the *Calder* effects test.

At the conclusion of its Motion to Dismiss, Holland asks the Court to dismiss this action with prejudice. (ECF No. 13 at 8). Since this is not a decision on the merits, the Court grants the Motion to Dismiss without prejudice. *See Clockwork IP, LLC*, 127 F. Supp. 3d at 1030 (dismissing an intellectual property cause of action without prejudice after finding the District Court had no personal jurisdiction over defendants).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim (ECF No. 12) is **GRANTED**. Plaintiff's claims are **DISMISSED** without prejudice.

Dated this 28th day of July, 2021.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**